UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1676 PSG (AGRx) | Date | May 18, 2015 |
|---|---|---|---|
| Title | Ana Quinonez, *et al.* v. Mercado Capital Inc., *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):     Order DENYING Plaintiffs' motion to remand.**

Before the Court is Plaintiffs Ana Quinonez ("Quinonez") and Ana Reyes's ("Reyes") (collectively, "Plaintiffs") motion to remand.  Dkt. # 10.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving, opposing, and reply papers, the Court DENIES the motion.

I.      Background

On December 23, 2014, Plaintiffs brought this action against Defendants Mercado Capital, Inc.; Blue Land Transportation, Inc.; Coastal Pacific Xpress, Inc.; All American Agents of Process; Process Service Agent Company, Inc.; and Branko Vukmirovic (collectively, "Defendants") in Los Angeles Superior Court.  *See Compl.*[1]  Plaintiffs were driving on the freeway when a freight truck operated by Defendant Vukmirovic collided with them.  *See id.* at 7.  Plaintiffs assert claims for: (1) negligence; and (2) motor vehicle property damage and personal injury.  *See id.*

On March 6, 2015, Defendants Mercado Capital Inc., Blue Land Transportation, Inc., and Coastal Pacific Xpress, Inc. ("Responding Defendants") removed this action to this Court on the basis of diversity jurisdiction.  *See Not. of Removal.*
Plaintiffs now move to remand this case.  Dkt. # 10.

---

[1] On May 4, 2015, Plaintiffs dismissed Process Service Agent Company, Inc. and All American Agents of Process from this action.  Dkt. # 13.

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1676 PSG (AGRx) | Date | May 18, 2015 |
| --- | --- | --- | --- |
| Title | Ana Quinonez, *et al.* v. Mercado Capital Inc., *et al.* | | |

II.     Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.  For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be met.  *See Strawbridge v. Curtis*, 7 U.S. 267, 267 (3 Cranch) (1806); 28 U.S.C. § 1332(a).

If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court.  *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).  There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).  If there is any ambiguity as to the propriety of removal, federal jurisdiction must be rejected.  *See id*.

III.     Discussion

Plaintiffs assert two separate arguments in support of their motion to remand.  The Court will address each argument in turn.

A.     Complete Diversity

First, Plaintiffs argue that complete diversity is lacking because Plaintiffs and Defendant Mercado Capital, Inc. are citizens of California.  *Mot.* 2:27-3:3.  The Responding Defendants argue that Defendant Mercado Capital, Inc. is a citizen of Canada.  *See Opp.* 4:2-5:7.

"[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  For diversity purposes, a corporation's principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

To support their argument, Plaintiffs submit a Business Entity Detail document from the California Secretary of State describing an entity named "Mercado Capital, Inc." as a suspended California entity.  *See Declaration of Steven Hilst* ("Hilst Decl."), *Ex. A*.  Furthermore, Plaintiff argues that the Responding Defendants have not met their burden of proving that complete diversity exists because they provide no detail about "the number of its employees or agents in California" or "how much of its income is generated from its California entity."  *Mot.* 8:10-19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1676 PSG (AGRx) | Date | May 18, 2015 |
|---|---|---|---|
| Title | Ana Quinonez, *et al.* v. Mercado Capital Inc., *et al.* | | |

The Responding Defendants counter that "the defendant in this action, Mercado Capital, Inc., has no relation to the suspended California corporation with the same name." *Opp.* 5:2-3. They argue that the correct Mercado Capital, Inc. is incorporated in Canada with its principal place of business in Canada. *Id.* 5:4-7.

After reviewing the evidence submitted by the Responding Defendants, the Court agrees that they have met their burden of proving that complete diversity exists between the parties.

To support their argument, the Responding Defendants submit a declaration from Ruth Hale ("Hale Decl."), an authorized representative of Mercado Capital, Inc., in which she declares that the Mercado Capital, Inc. at issue is a Canadian corporation with its principal place of business in Calgary, Alberta. *Hale Decl.* ¶ 2. Further, the declaration alleges that Mercado is entirely unrelated to the Californian entity also named Mercado Capital, Inc. *Id.* ¶ 4. Defendants attach a copy of Mercado Capital Corporation's corporate registration paperwork stating that it is a Canadian corporation. *Hale Decl.*, *Ex. A*. Hale also declares that Mercado Capital, Inc. does not have "any offices, employees, or other corporate infrastructures in California." *Id.* ¶ 4. That the corporate paperwork submitted by the Responding Defendants refers to "Mercado Capital Corporation" and not "Mercado Capital, Inc." does not defeat the Responding Defendants' argument. Furthermore, Plaintiff's attack of Hale's authority to "make binding representations on behalf of Mercado Capital, Inc." based on her position as an "Account Manager," without more, is baseless. *See Reply* 4:14-20.

Accordingly, the Court finds that there is complete diversity between the parties.

B.      Amount in Controversy

Plaintiff's second argument is that the Responding Defendants fail to show that the amount in controversy exceeds $75,000. This argument fails.

In their Opposition, the Responding Defendants have included policy limits demands that Plaintiffs made demanding Defendants' policy limits in relation to the accident on which this action is based. *Declaration of Max Gavron* ("Gavron Decl.") ¶2, *Ex. B*. In this demand, Plaintiffs detail "$112,810.77 in medical special damages for [Reyes], and $241,400.85 in medical special damages for [Quinonez]." *See Opp.* 6:15-18; *see also Gavron Decl., Ex. B*. In the Complaint, Plaintiffs seek damages for past and future medical expenses, past, present, and future loss of earnings, and loss of earning capacity. *See Compl.* Tellingly, Plaintiffs offer no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1676 PSG (AGRx) | Date | May 18, 2015 |
|---|---|---|---|
| Title | Ana Quinonez, *et al.* v. Mercado Capital Inc., *et al.* | | |

arguments in reply to this evidence.  *See generally Reply.*  The Court is convinced that the Responding Defendants have met their burden of showing that the amount of controversy exceeds $75,000.

Accordingly, the Court agrees with Defendants that federal diversity jurisdiction exists in this matter.

IV.     Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand.

**IT IS SO ORDERED.**